NOT DESIGNATED FOR PUBLICATION

No. 113,964

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY MASON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed December 23, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Corey Sage Mason appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Mason's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On January 3, 2014, Mason pled no contest to one count of burglary and one count of theft. On February 3, 2014, the district court imposed a controlling sentence of 27 months' imprisonment and placed Mason on probation with community corrections for 24 months.

1

On September 3, 2014, Mason stipulated to violating the conditions of his probation. The district court revoked and reinstated Mason's probation after imposing an intermediate sanction. On November 19, 2014, the State filed a motion to revoke Mason's probation on numerous grounds, including an allegation that Mason had absconded from community corrections and his whereabouts were unknown. At a hearing on April 1, 2015, after hearing evidence, the district court found that Mason had violated the conditions of his probation by absconding. The district court denied Mason's request for reinstatement, revoked his probation, and ordered him to serve his underlying prison sentence. Mason appealed.

On appeal, Mason argues that the district court "abused its discretion by denying [his] motion for reinstatement [to probation]." Mason does not specifically challenge the district court's finding that he absconded from community corrections.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Mason acknowledges, K.S.A. 2014 Supp. 22-3716(c)(8) provides that if an offender absconds from supervision after assignment to a community correctional services program, the district court may revoke the probation without imposing an intermediate sanction. Because Mason absconded after being assigned to community

2

corrections, the district court was not required to consider an intermediate sanction before revoking his probation. The district court's decision to revoke Mason's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Mason's probation and ordering him to serve his underlying prison sentence.

Affirmed.